ShackelpoRD, J.,
delivered the opinion of the Court.
This is a suit brought in the Circuit Court of the County of White, on a note for $2,400, executed in September, 1862, to the defendant in error, due one day after date, payable in currency. The declaration is in the usual form; to which five pleas were filed by the plaintiffs in error.
The first and second pleas are not in the record. A demurrer was filed to the second, third and fifth pleas, which was allowed by the .Court, and issue was taken on the fourth plea, which sets forth the consideration of the note, and avers that it was illegal. The facts necessary to be stated are: That the defendant in error loaned the plaintiffs in error, $2,100 in Confederate Treasury notes, and f>s5o in Southern bank notes, for which the plaintiffs in error executed the note in suit.
The case was submitted to a jury, who, under the instructions of the Court, rendered a verdict for the defendant in error, for the value of the Southern bank notes loaned. A new trial was moved for, which was overruled; from which there was an appeal to this Court.
The principal question for our consideration, arises upon the charge of the Circuit Judge, who instructed the jury, in substance: That if the consideration of the note was Confederate Treasury notes, the plaintiff in error could not recover; but if part of the consideration was Southern bank notes, or money, the plain *470 tiff was entitled to recover to the value of tire State Bank currency at the time the note became due. We think the charge is erroneous.
This Court has held, in several cases, that a note, the consideration of which was Confederate Treasury notes, was illegal and void. The issuance of these notes was’ for an illegal and unlawful purpose, and the courts of the country would not lend their active aid to enforce their collection.
A part of the consideration being illegal, it is so ' connected with the legal consideration, that it cannot be separated from it, and taints the whole transaction. In 2 Kent’s Commentaries, 468, the principle is stated: “Where any matter, void even by Statute, be mixed up with good matter, which is entirely independent of it, the good part shall stand, and the rest shall be held void.; though, if the part which is good depends upon that which is bad, the whole instrument is void; and the rule is, if any part of the consideration be malum in se, or the good and void consideration be so mixed, or the contract so entire that there can be no apportionment, the whole is void.” In the case of Dearing vs. Chapman, 22 Maine, 488, it was held, that all contracts made in violation of law, are nugatory; and that if a note of hand be founded in part, upon such consideration, it is void in toto. The same principle was settled in the case of Barton and Woodsworth vs. The Port Jackson and Union Falls Plankroad Company, 17 in Barbour N. Y. Rep., 397. The Court says: “Where a contract grows out of, or is *471 connected with, an illegal act, the Court will not lend its active aid to enforce it; and if it be, in fact, connected with the illegal transaction, it is tainted with the illegality of the transaction from whence it springs.” The same principle was settled in the case of Clarke vs. Nakin, 14 N. Y. Reports.
In Chitty on Contracts, 573, it is stated: “If a contract be made on several considerations, one of which is illegal, the whole contract is void, and that whether the illegality be at common law or by Statute.” The principle seems to be well-settled, that if any part of the entire consideration of a contract is illegal, against sound morals or public policy, the whole is void: 6 Dana, 91; 11 Vermont, 502; 11 Wheaton, 258. It follows, therefore, that a part of the consideration of this note being illegal, and against sound public policy, the entire transaction is tainted with the illegality, and the note is void. This principle being decisive of the case, it is unnecessary for us to determine the other questions raised upon the pleadings.
The judgment will be reversed, and the cause remanded.